AO 106 (Rev. 01/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of Virginia

CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

7/22/20
JULIA C. DUDLEY, CLERK
BY: s/ ELLA SURBER
DEPUTY CLERK

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No.   1:20MJ102
1010 Newton Street, Apt. 503 )
Bristol, VA )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the _____Western_____ District of _____Virginia_____ *(identify the person or describe property to be searched and give its location):* 1010 Newton Street, Apt. 503, Bristol, VA - to include the apartment and vehicles in the vicinity of the apartment provided the keys to said vehicles are found on the premises and the vehicles are registered to and/or owned by and/ or under the control of Bobby Haislip. Attachment A consists of a photograph of the apartment.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):* See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of ___21___ U.S.C. § 846/841(a)(1), and the application is based on these facts:   See Attachment C        and/or     841(a)(1)

☑ Continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Brian Snedeker, Special Agent
*Printed name and title*

Sworn to before me ~~and signed in my presence~~ telephonically.

Date: 7/22/20

City and state:   Abingdon, Virginia

*Judge's signature*

Pamela Meade Sargent, USMJ
*Printed name and title*

# ATTACHMENT A



1010 Newton Street, Apt. 503, Bristol, VA

ATTACHMENT B

1. Methamphetamine distribution paraphernalia including (but not limited to) scales, cutting material, plastic baggies, wrapping material; devices used to communicate with other drug traffickers/co-conspirators including cellular telephones and two-way radios; electronic equipment used for counter-surveillance to include video surveillance systems and related DVRs (digital video recorders), scanners, and anti-bugging devices.

2. Firearms, including but not limited to handguns, rifles, and shotguns that are commonly used by individuals to protect controlled substances and related drug proceeds/assets. Firearms, oftentimes stolen, are also routinely bartered in exchange for controlled substances.

3. Books, records, ledgers, notes, and videos pertaining to the illicit distribution, purchasing, and transporting of methamphetamine.

4. Messages, letters, telephone numbers, and addresses relating to customers, suppliers, and other co-conspirators involved with the illicit distribution, purchasing, and transporting of methamphetamine. These messages, letters, telephone numbers, and addresses may be written on personal calendars, personal address and /or telephone books, Rolodex type indices, notebooks, loose pieces of paper, and found in mail.

5. Photographs and videos depicting methamphetamine, drug distribution paraphernalia, substantial assets, co-conspirators, and persons with methamphetamine,

6. Books, ledgers, receipts, bank statements, cashier's checks, and other items evidencing the acquisition, secreting, transferring and/or concealment of assets or the expenditure of narcotics proceeds.

7. Items or articles of personal property tending to show ownership, dominion, or control of the premises/property/vehicles. Such items or articles include (but are not limited to) personal identification, personal correspondence, diaries, checkbooks, notes, photographs, keys, receipts, mail, personal telephone and address books, videos, and motor vehicle related documents (titles/registrations).

8. Large amounts of currency (exceeding $1000.00) or readily transported assets which are used as cash equivalents (such as prepaid cash cards, gold, diamonds, and precious jewels).

9. Items listed in Paragraphs 3 through 7 may be stored in digital media. Therefore, digital media (including but not limited to computers/computer hard drives, digital video recorders (DVRs), CD's/DVD's, flash/jump drives, personal digital assistants (PDA's), cellular telephones/smartphones, digital cameras, iPODs, iPADs, etc.) are to be seized and examined for the items listed in Paragraphs 3 through 7.

ATTACHMENT C

AFFIDAVIT of
Special Agent Brian Snedeker
Drug Enforcement Administration
Bristol, Virginia

1. I, Special Agent Brian Snedeker, being duly sworn hereby depose and say:

2. The purpose of this application and affidavit is to secure a search warrant for methamphetamine distribution/conspiracy related documentary evidence and equipment/supplies on the premises known as 1010 Newton St, Apt. 503, Bristol, VA. This affiant, after obtaining and reviewing information, believes there is evidence of distribution of methamphetamine and/or conspiracy to distribute methamphetamine at 1010 Newton St, Apt. 503, Bristol, VA in violation of 21USC 841(a)(1) and 846/841(a)(1).

3. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed for approximately (29) years. During my employment I have received comprehensive classroom training from the Drug Enforcement Administration in specialized narcotic investigative matters including but not limited to drug interdiction, drug detection, money laundering techniques and schemes, smuggling, and the investigation of individuals and organizations involving the smuggling, cultivation, manufacturing, and illicit trafficking of controlled substances and controlled substance precursors. I have participated in the investigations and subsequent arrests of hundreds of individuals involved with the trafficking of methamphetamine (a Schedule II Controlled Substance). I have also executed hundreds of search warrants related to the trafficking and manufacturing of methamphetamine.

4. The facts set forth in this affidavit are known to me as a result of my investigation of Bobby HAISLIP and his associates and information provided to me by other law enforcement officers. Any reference to the gender of any unnamed person within this affidavit does not necessarily reflect the true gender of said person.

5. On July 20, 2020, Bobby HAISLIP was the left rear passenger of a rental car being driven by an individual (who was also the renter of the vehicle and hereafter referred to as "Trafficker A") when the vehicle was stopped by the Tennessee Highway Patrol for a motor vehicle violation (speeding) while heading northbound on Interstate 75 south of Knoxville, TN. A narcotics K-9 unit was nearby and promptly responded to the scene and alerted on the vehicle. As a result of the K-9 alert on the vehicle (and other factors – it should also be noted that Trafficker A is on active state probation and has a 4th Amendment waiver and law enforcement suspected in advance that Trafficker A would be transporting a quantity of methamphetamine from Georgia to northeast Tennessee/southwest Virginia on this date), the vehicle was searched by law enforcement. As a result of the search of the vehicle, approximately (2) kilograms of suspected ice methamphetamine were recovered from the trunk of the vehicle along with approximately (1) ounce of suspected heroin, digital scales, a bullet proof vest, and other items. Two (2) loaded handguns were found under the front

passenger seat and appeared to have been shoved under the seat and hidden by food wrappings/containers. It appeared that the handguns had been shoved under the seat and hidden by an individual(s) seated in the rear of the vehicle (Bobby HAISLIP was seated behind the driver and HAISLIP's girlfriend was seated behind the front passenger).

6. Trafficker A was advised of his rights and subsequently agreed to answer questions/provide information. Trafficker A claimed that Bobby HAISLIP is a drug trafficker whose drug trafficking partner (hereafter referred to as "Trafficker B") employs Trafficker A by paying him $1,500 per week to rent cars, rent hotel rooms, collect narcotics proceeds, and transport methamphetamine and heroin from Georgia to northeast Tennessee and Southwest Virginia for Trafficker B and Bobby HAISLIP. Trafficker A stated that he believed that on this date he was driving Bobby HAISLIP and the drugs to HAISLIP's apartment in Bristol, VA (Trafficker A accurately described the location of HAISLIP's apartment). Trafficker A claimed that he usually makes the drug runs from Atlanta, GA twice a week and that either Trafficker B or Bobby HAISLIP are present with Trafficker A when transporting the drugs northbound from Georgia. Trafficker A stated that when the Tennessee Highway Patrol officer activated his emergency lights to pull Trafficker A over, Bobby HAISLIP pointed a handgun at Trafficker A and said, "Don't you dare pull over." Trafficker A also claimed that Bobby HAISLIP has another firearm in his apartment in Bristol, VA where HAISLIP hides the firearm under a couch. Trafficker A believes the firearm is of 9mm caliber and uses a drum magazine.

7. The front passenger of the vehicle was advised of her rights and agreed to speak with law enforcement. The passenger advised that she was paying attention to some art related activities she was working on in the front of the car when she overheard Trafficker A and Bobby HAISLIP arguing. The passenger then looked over her shoulder and saw HAISLIP with a gun and pointing it toward the front of the car. The passenger said she was scared and turned away and then realized that a police car was trying to pull them over. Trafficker A then pulled the car over to the side of the road.

8. Trafficker A and Bobby HAISLIP were subsequently arrested by the Tennessee Highway Patrol and charged with possession with intent to distribute methamphetamine and heroin.

9. A review of Bobby HAISLIP's criminal history revealed his prior arrests for possession of methamphetamine or cocaine base (disposition unknown) and possession of (28) grams or less of marijuana (disposition unknown), and a prior conviction for brandishing a firearm. HAISLIP's criminal history also revealed multiple non-drug related felony convictions. A review of Trafficker B's criminal history revealed Trafficker B's prior conviction for trafficking in methamphetamine.

10. This affiant is aware based on his training, experience, and conversations with other law enforcement officers that individuals who distribute and/or conspire to distribute methamphetamine typically maintain methamphetamine, methamphetamine distribution paraphernalia (small, plastic, Ziploc-type baggies, digital scales, etc.), notes, records, messages, and telephone numbers (pertaining to methamphetamine

trafficking related contacts/co-conspirators/customers), and other items as listed and explained on Attachment B (of the Application and Affidavit for Search Warrant to which this affidavit is attached) on their persons, inside their residences (and the residences/distribution locations they utilize for narcotics trafficking purposes) and related garages, outbuildings/barns, campers, vehicles (or the vehicles they operate), and inside of vehicles registered to other persons when those vehicles are parked at or in the immediate vicinity of the trafficker's/conspirator's residence/property/distribution location.

11. Bobby HAISLIP's known residence is 1010 Newton St, Apt. 503, Bristol, VA. An employee and/or resident at the apartment complex has advised law enforcement that Bobby HAISLIP is always flashing around large quantities of United States Currency (a possible indicator of narcotics trafficking activity).

12. Based upon the facts set forth above, I believe there is probable cause for the issuance of a search warrant for the premises known as 1010 Newton St, Apt. 503, VA (located within the Western District of Virginia) as there is probable cause to believe that there is evidence of a violation of 21 USC 841(a)(1) and 846/841(a)(1) at said premises.

_____     7-22-2020
Brian Snedeker, Special Agent (DEA)     Date

Subscribed and sworn to before me, telephonically this the 22nd day of July 2020 in Abingdon, Virginia.

_____
Pamela Meade Sargent
United States Magistrate Judge
Western District of Virginia

Seen by:

_____s/Roy F. Evans_____            07-22-2020
Special Assistant United States Attorney     Date